UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RANDY PIGG #V-46860            CIVIL ACTION NO. 19-cv-1466

VERSUS            JUDGE ELIZABETH E. FOOTE

THOMAS F HARRIS            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Randy Pigg ("Plaintiff") is a California inmate. It appears the he is the person who was convicted in People v. Randy Edward Pigg, 2006 WL 990955 (Cal. App. 4th Dist. 2006), in which the defendant was convicted of molesting a grandniece, a grandnephew, and a boy who lived in the home. Plaintiff filed a previous civil action in this court in which he alleged he was defrauded of estate property located in DeSoto Parish. That case was dismissed for lack of subject matter jurisdiction. Randy Pigg v. Gertrude Gamble, 13-cv-564 (W.D. La.).

Plaintiff filed this civil action in another attempt to gain title to DeSoto Parish property. This complaint names as defendants the Louisiana Department of Natural Resources and Secretary Thomas Harris. Plaintiff alleges that he is the legal owner of certain mineral rights and should be placed into possession of them. For the reasons that follow, it is recommended that this civil action also be dismissed for lack of subject matter jurisdiction.

**Summary of Allegations**

Exhibits submitted by Plaintiff reflect that in 1956, the United States condemned certain land in Caddo and DeSoto parishes in connection with the construction of the Wallace Lake Reservoir Project. The papers indicate that the taking reserved to the owners of the lands the right to explore for and produce oil, gas, and minerals under certain conditions. The Estate of Morning Thomas was among the several persons or entities who received compensation for property taken in connection with the condemnation proceeding.

Plaintiff alleges that he is entitled to mineral rights by virtue of being the great-great-grandson of Morning Thomas. He makes vague reference to a cash sale deed in connection with the property and claims he did not participate in the transaction. He also alleges that conveyance records that indicate he sold his interest are wrong.

Plaintiff describes some disagreements he has had with DeSoto Parish Clerk of Court Jeremy Evans, but he states that Evans "is not the focus of this Lawsuit Complaint" even though Evans is connected to the events. Evans is also not named as a defendant in either the caption of the complaint or the list of defendants in Paragraph III (Parties) of the preprinted complaint form. The only named defendants are (1) Secretary Thomas Harris and (2) "State of Louisiana Department of Natural Resources Office of Mineral Resources State Mineral and Energy Board." Plaintiff makes references to the Fifth Amendment, taking property without just compensation, and due process, but the relief he requests is that the court "confirm that I am the legal owner of the Mineral Rights in question. And

be placed into possession." Plaintiff also specifically alleges that the jurisdiction of the court is predicated on 28 U.S.C. § 1332.

**Diversity Jurisdiction**

To properly allege diversity jurisdiction under Section 1332, the party invoking jurisdiction must allege "complete diversity." That means "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." MidCap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting McLaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004). The amount in controversy must also exceed $75,000. The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction, and "[f]ailure adequately to allege the basis for diversity jurisdiction mandates dismissal." Stafford v. Mobil Oil Corp., 945 F.2d 803, 804-05 (5th Cir. 1991).

It was determined in Pigg v. Gamble that Plaintiff is a citizen of California, and he alleges the same in this complaint. Plaintiff does not specifically allege the citizenship of the defendants, but he may assume that they are each a citizen of Louisiana. That may be true of Secretary Harris, but the Louisiana Department of Natural Resources is not a citizen of any state, and its presence as a defendant destroys diversity of citizenship and requires dismissal.

"There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." Moor v. Alameda County, 93 S.Ct. 1785, 1800 (1973). A political subdivision of a state, such as a municipal or county government, may be a citizen, but an agency that is simply "the arm or alter ego of the State" is not a citizen of the state for

diversity purposes. Id. See Louisiana v. Union Oil Co. of California, 458 F.3d 364 (5th Cir. 2006).

If an agency is independent, separate and distinct from the state, a district court can properly exercise diversity jurisdiction. But there is no diversity if the agency is an alter ego of the state. In determining the character of the agency, the court looks to the same factors as to determine whether an agency is an arm of the state that is immune under the Eleventh Amendment. Tradigrain, Inc. v. Mississippi State Port Authority, 701 F.2d 1131, 1132 (5th Cir. 1983). A number of state departments and agencies have been found to be an alter ego or arm of the state under such an analysis. See, e.g., Adams v. Recovery Sch. Dist. ex rel. Louisiana, Dep't of Educ., 463 Fed. Appx. 297 (5th Cir. 2012) (Louisiana Department of Education); Richardson v. S. Univ., 118 F.3d 450, 454 (5th Cir. 1997) (Southern University and its Board of Supervisors); Tillman v. CSX Transp., Inc., 929 F.2d 1023 n. 1 (5th Cir. 1991) (Dept. of Transportation and Development)[1]; Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313 (5th Cir. 1999) (Department of Public Safety and Corrections); Darlak v. Bobear, 814 F.2d 1055 (5th Cir. 1987) (Department of Health and Human Services); and Health Education Authority of Louisiana v. APCOA LaSalle Parking Co., LLC, 991 F. Supp. 2d 762 (E.D. La. 2013) (Health Education Authority of Louisiana).

---

[1] Bullock v. Smith, 2008 WL 4853355 (W.D. La. 2008) (DOTD is equivalent to the state for purposes of determining diversity of citizenship, and its presence as a party would not permit the exercise of diversity jurisdiction).

Louisiana's Department of Natural Resources is concerned with statewide, as opposed to local, matters. It plays a key role in overseeing the extensive oil and gas resources of the state and is involved in matters including environmental concerns, mineral income, and pipelines. There are a number of particular factors that help assess whether an entity is an arm of the state, but Champagne noted that "[t]hese factors suggest that all Louisiana executive departments have Eleventh Amendment immunity." Champagne, 188 F.3d at 313. There is no indication that the Department of Natural Resources is other than an arm of the state. That means that it is considered not a citizen for diversity purposes and destroys diversity jurisdiction.

**Federal Question Jurisdiction**

Plaintiff specifically alleges that he relies on diversity jurisdiction under Section 1332, but his complaint includes references to federal law. He alleges, for example, that General Legal Counsel James Devitt (presumably with the Department of Natural Resources) violated the Fifth Amendment in connection with the condemnation of property that was taken for public use without just compensation.

A federal claim may give rise to federal question jurisdiction under 28 U.S.C. § 1331, but there is no jurisdiction if the claim is not colorable. That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous. In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 66 S.Ct. 773 (1946). There is no basis for a colorable Takings Clause claim against Secretary Harris or any department employee. Plaintiff's own exhibits to his complaint demonstrate

that the taking was executed in 1956 by the federal government. Accordingly, these vague mentions of a takings claim do not give rise to federal question jurisdiction.

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction. There may be a proper court or forum for Plaintiff to seek relief on the claims he has asserted, but this federal court is not it.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of March, 2020.

Mark L. Hornsby
U.S. Magistrate Judge